UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA



JAN 3 1 2020

IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR )
AN ORDER OF NON-DISCLOSURE ) ~~MISC. NO.~~ 1:20-mj- 16
OF GRAND JURY SUBPOENA )
NUMBER 2432 TO AT&T ) **Filed Under Seal**
PURSUANT TO 18 U.S.C. § 2703(d) )

APPLICATION OF THE UNITED STATES
FOR AN ORDER TO AT&T PURSUANT TO 18 U.S.C. § 2703(d)

The United States requests that the Court order AT&T not to notify any person (including the subscribers and customers of the account(s) listed in the subpoena of the existence of the attached subpoena) until further order of the Court.

AT&T is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which requires AT&T to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. The nature of the case is sensitive and involves an investigation into allegations of major fraud related to the function and operation of United States District Courts in this district and potentially elsewhere. Accordingly, there is reason to believe that notification of the existence of the attached subpoena

will seriously jeopardize the investigation, including by giving the targets an opportunity to destroy or tamper with evidence that is crucial to a possible prosecution. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing AT&T not to disclose the existence or content of the attached subpoena for 180 days, except that AT&T may disclose the attached subpoena to an attorney for AT&T for the purpose of receiving legal advice.

The United States further requests that the Court order that this application, and any resulting order, be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed January  31 , 2020.

                Respectfully submitted,

                J. DOUGLAS OVERBEY
                UNITED STATES ATTORNEY

By: _____
                Steven S. Neff, BPR #GA 537187
                Assistant U.S. Attorney
                1110 Market Street, Ste. 515
                Chattanooga, Tennessee 37402
                (423) 752-5140
                steven.neff@usdoj.gov